UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2024 JUN 18 PM 1:55

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| GREGORY BUNCE, individually and as personal representative of the estate of Peter Bunce, and EVELYN BUNCE, <br><br> Plaintiffs, <br><br> v. <br><br> GLOCK, INC., and GLOCK GES.M.B.H., <br><br> Defendants. | Case No. 2:23-cv-00133 |

# ENTRY ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE STIPULATED DISCOVERY SCHEDULE AND DENYING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE
(Docs. 24 & 25)

Plaintiffs Gregory Bunce and Evelyn Bunce move to extend the deadline to file a stipulated discovery schedule with Defendant Glock, Inc., (Doc. 24), and for alternate service against Defendant Glock Ges.m.b.H., (Doc. 25), requesting the court permit service on Glock Ges.m.b.H. via the law firm representing Glock, Inc., Renzulli Law Firm, LLP (the "Renzulli Law Firm"). Glock, Inc., and the Renzulli Law Firm opposed the motion for alternate service on February 20, 2024, (Doc. 27), and Plaintiffs replied on March 5, 2024 (Doc. 28).

Plaintiffs are represented by Laura H. White, Esq. Glock, Inc., is represented by Christopher Renzulli, Esq., Jeffrey M. Malsch, Esq., and Matthew B. Byrne, Esq.

**I.   Factual and Procedural Background.**

Plaintiffs commenced this action on June 23, 2023. On October 6, 2023, the court granted Plaintiffs' motion to extend the deadline to complete service to November 20, 2023. Plaintiffs served summonses, a civil cover sheet, notice and waiver forms, and their Complaint and First Amended Complaint on Glock, Inc., and Glock Ges.m.b.H. by mail to the registered agent for Glock, Inc., on October 16, 2023. Thereafter, Glock, Inc.'s

general counsel returned the documents served on Glock Ges.m.b.H., stating that Glock, Inc., was not authorized to accept service on behalf of Glock Ges.m.b.H. Counsel for Glock, Inc., however, accepted service and Plaintiffs filed the waiver form on November 16, 2023.

Carlos Guevara, a Vice-President and Secretary and General Counsel of Glock, Inc., submitted a sworn declaration describing Glock, Inc.'s relationship to Glock Ges.m.b.H. Glock, Inc., a Georgia corporation with its sole place of business located in Smyrna, Georgia.

Glock Ges.m.b.H., an Austrian limited liability company with all places of business located in Austria, owns half of Glock, Inc.'s stock. INC Holding GmbH, an Austrian limited liability company, owns the other half.

Glock Ges.m.b.H. designs and manufactures Glock semi-automatic pistols and component parts. Glock, Inc., purchases component parts from Glock Ges.m.b.H. to assemble and sell Glock pistols. It is the only company in the United States with which Glock Ges.m.b.H. does business.

Glock, Inc., and Glock Ges.m.b.H. are separate legal entities with "individual business plan[s]." (Doc. 10-1 at 3, ¶ 12.) Glock Ges.m.b.H. has not designated Glock, Inc., as its agent or authorized Glock, Inc., to receive service of process on Glock Ges.m.b.H.'s behalf.

Christopher Renzulli submitted a sworn declaration that Glock Ges.m.b.H. has not authorized the Renzulli Law Firm to accept service of process on its behalf. The Renzulli Law Firm has represented Glock Ges.m.b.H. in previous litigations. *See, e.g., Travieso v. Glock Inc.*, No. 2:20-cv-00523 (D. Ariz.); *Billings v. Glock Inc*, No. 4:06-v-00115 (W.D. Mo.); *Thames v. Glock, Inc.*, No. 5:04-cv-00838 (W.D. Tex.); *Mickle v. Glock Inc*, No. 3:02-cv-02227 (S.D. Cal.); *Van Horn v. Glock, Inc.*, No. 7:02-cv-00319 (E.D. Ky.).

## II. Conclusions of Law and Analysis.

### A. Whether Glock, Inc., Has Standing to Oppose Alternative Service Against Glock Ges.m.b.H.

Plaintiffs contend that, if Glock, Inc., and Glock Ges.m.b.H. are separate legal entities as Mr. Guevara asserts, Glock, Inc., does not have standing to oppose their motion regarding Glock Ges.m.b.H. because "[c]o-defendants do not have standing to assert improper service claims on behalf of other defendants." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114 (S.D.N.Y. 2010) (collecting cases). When presented with an opposition to service of process filed by a defendant without standing to bring its challenge, courts in the Second Circuit have taken two approaches: (1) disregard the memorandum in opposition but consider counsel's declaration in order to ground a ruling on all available facts,[1] or (2) treat the opposition papers as an *amicus* filing and consider both declarations and memoranda.[2] Because Plaintiffs request service of Glock Ges.m.b.H. through the Renzulli Law Firm and because the declarations of Mr. Guevara and Mr. Renzulli will assist in evaluating Plaintiffs' motion for alternative service, the court considers those declarations as well as Glock, Inc.'s memorandum in opposition.

### B. Whether the Court Should Permit Alternative Service Against Glock Ges.m.b.H.

Plaintiffs point out the Renzulli Law Firm has represented both Glock, Inc., and Glock Ges.m.b.H. previously and that Glock, Inc., is a subsidiary of Glock Ges.m.b.H. They contend that alternative service is appropriate because they have attempted to serve

---

[1] *See, e.g., Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 114 (S.D.N.Y. 2010) (disregarding opposition memorandum but considering counsel's declaration where plaintiffs sought "substitute service via counsel of a properly served defendant[]"); *In re Graña y Montero S.A.A. Sec. Litig.*, 2019 WL 259778 (E.D.N.Y. Jan. 9, 2019), *report & recommendation adopted*, 2019 WL 1046627 (E.D.N.Y. Mar. 5, 2019) (declining to consider defendant's opposition to plaintiff's motion for court-ordered service).

[2] *See, e.g., Wash. State Inv. Bd. v. Odebrecht S.A.*, 2018 WL 6253877, at *2 n.2 (S.D.N.Y. Sept. 21, 2018) (acknowledging lack of standing but considering opposition papers "as an *amicus* filing[]"); *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (same).

3

Glock Ges.m.b.H. and because the process of serving Glock Ges.m.b.H. abroad would be time-consuming and expensive.

A summons is required to provide notice to an individual or entity of a filed civil action. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) (noting that a defendant is "not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process"). "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1).

A foreign corporation served outside the United States must be served "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Fed. R. Civ. P. 4(h)(2). Under Fed. R. Civ. P. 4(f), an individual in a foreign country "may be served at a place not within any judicial district of the United States[]" by using one of three means: (1) "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents [(the 'Hague Convention'),]" (2) "if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice[]" consistent with the foreign country's laws or directives, or (3) "other means not prohibited by international agreement, as the court orders."

There is "no hierarchy among the subsections in Rule 4(f)[,]" and a plaintiff need not exhaust all other means before requesting alternative service. *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).[3] Service under Rule 4(f)(3) must not be prohibited by an international

---

[3] *See also Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (explaining that Hague Convention "does not displace Rule 4(f)(3)[]"); *AngioDynamics, Inc. v. Biolitec AG*, 780 F.3d 420, 429 (1st Cir. 2015) ("By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as service through counsel and by email."); *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010) ("'Rule 4(f)(3) is not subsumed within or

4

agreement, but "may be accomplished in contravention of the laws of the foreign country." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). Alternative methods of service must "be reasonable and comport with constitutional notions of due process." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1240 (Fed. Cir. 2010). Whether to authorize alternative service is within the "sound discretion of the district court." *See Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 81 (D.C. Cir. 2014) (internal quotation marks omitted) (quoting *Brockmeyer v. May*, 383 F.3d 798, 805 (9th Cir. 2004)).

### 1. Whether Service on the Renzulli Law Firm Would Violate the Hague Convention.

Austria is a party to the Hague Convention. *See Restoration Hardware, Inc. v. Lighting Design Wholesalers, Inc.*, 2020 WL 7093592, at *5 (S.D.N.Y. Dec. 4, 2020) ("Austria ratified the [Hague Convention] on July 14, 2020, and the [Hague Convention] entered into force for Austria on September 12, 2020[.]"). The Hague Convention applies to "transmittal abroad that is required as a necessary part of service." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988). "Whatever internal, private communications take place between the agent and a foreign principal are beyond" the scope of the Hague Convention. *Id.*

Service on an agent or a law firm within the United States does not violate the Hague Convention. *See Equipav S.A. Pavimentação, Engenharia e Comercia Ltda. v. Bertin*, 2022 WL 2758417, at *3 (S.D.N.Y. July 14, 2022) (stating that Hague Convention does not prohibit "service via a defendant's counsel[]"); *In re New Oriental Educ. & Tech. Grp. Inc. Sec. Litig.*, 2023 WL 5466333, at *3 (S.D.N.Y. Aug. 24, 2023) (concluding that service via "U.S.-based corporate counsel[]" would not violate Hague Convention because "Hague Convention governs 'only . . . transmittal [of documents] *abroad* that is required as a necessary part of service[]'") (second and third alteration and emphasis in original) (quoting *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 707).

---

in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing.'") (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

> The [Hague] Convention provides simple and certain means by which to serve process on a foreign national. Those who eschew its procedures risk discovering that the forum's internal law required transmittal of documents for service abroad, and that the [Hague] Convention therefore provided the exclusive means of valid service.

*Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 706.

### 2. Whether Service on the Renzulli Law Firm Would Comport with Notions of Due Process.

"It is axiomatic that where notice is legally required, the Due Process Clause of the Fourteenth Amendment requires notice that is 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Oneida Indian Nation of N.Y. v. Madison County*, 665 F.3d 408, 428 (2d Cir. 2011) (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)). Courts have approved of serving a foreign defendant pursuant to Rule 4(f)(3) through service of process on a defendant's U.S. counsel,[4] even where U.S. counsel has not been expressly authorized to accept service on the foreign defendant's behalf.[5] To satisfy due process requirements, "there must be adequate

---

[4] *See Compañía de Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1295 (10th Cir. 2020) (explaining that service on U.S. counsel effects service "at a place not within any judicial district of the United States[]" because "ultimately, the foreign individual is served and thereby provided notice outside a United States judicial district[]") (internal quotation marks and citation omitted) (collecting cases); *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 66 (S.D.N.Y. 2022) (concluding that Rule 4(f)(3) permits service on U.S. counsel or agent because "service will be completed outside the United States[]"); *but see Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020) ("[T]he court cannot enter a Rule 4(f)(3) order permitting service on a foreign individual at a place not within a judicial district of the United States when the person to whom the complaint and summons is to be delivered and as to which service is deemed to be effective is at a place within the United States.").

[5] *See, e.g., United States v. Mrvic*, 652 F. Supp. 3d 409, 414 (S.D.N.Y. 2023) ("As a threshold matter, that counsel has represented they are not authorized to accept service on [d]efendant's behalf is not determinative as to whether the [c]ourt may permit alternate service on that counsel through Rule 4(f)(3)."); *see also Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries*, 766 F.3d 74, 83 (D.C. Cir. 2014) ("A number of courts thus have sanctioned service on United States counsel as an alternative means of service under Rule 4(f)(3) without requiring any specific authorization by the defendant for the recipient to accept service on its behalf.") (collecting cases).

6

communication between the individual and the attorney." *In re New Oriental Educ. & Tech. Grp. Inc. Sec. Litig.*, 2023 WL 5466333, at *3 (internal quotation marks and citation omitted). The process is not automatic and "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997).

Although Glock, Inc., is not Glock Ges.m.b.H.'s wholly owned subsidiary, Glock Ges.m.b.H. owns 50% of Glock, Inc.'s stock and has retained shared counsel with Glock, Inc., on numerous occasions. Glock, Inc.'s business includes assembling and selling Glock Ges.m.b.H. products in the United States, and Glock, Inc., is the only company in the United States with which Glock Ges.m.b.H. does business. Glock, Inc.'s claim that it will suffer prejudice if alternative service is granted is unsupported by any specifics.

The Renzulli Law Firm has had notice of this lawsuit since at least November 11, 2023. *See W.J. Deutsch & Sons Ltd. v. Zamora*, 2023 WL 5609205, at *8 (S.D.N.Y. Aug. 30, 2023) (stating service on counsel satisfies due process "where there has been adequate communication between the foreign defendant and counsel[]" such that "service on counsel is reasonably likely to apprise defendants of the action[]") (internal quotation marks and citation omitted); *Wash. State Inv. Bd. v. Odebrecht S.A.*, 2018 WL 6253877, at *5 (S.D.N.Y. Sept. 21, 2018) (concluding service on counsel who represented defendant in "related criminal proceeding" and "recent securities fraud class action" satisfied due process). Under these circumstances, service on Glock, Inc.'s counsel is reasonably calculated to apprise Glock Ges.m.b.H. of the pendency of the current action. *See Com. Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 469 (2d Cir. 2003) (stating it "strain[ed] credulity to believe" that two companies with "substantially the same name, the same counsel at trial and on appeal, and the same Internet site[]" were separate entities such that "service on one did not effect service on the other[]"). The means of service requested is therefore likely to comport with traditional notions of due process.

### 3. Whether Alternative Service Is Appropriate in this Case.

In determining whether to exercise their discretion, courts in the Second Circuit "have generally required: (1) a showing that the plaintiff has reasonably attempted to effectuate service on the defendant, and (2) a showing that the circumstances are such that the court's intervention is necessary." *Stream SICAV*, 989 F. Supp. 2d at 278 (internal quotation marks and citation omitted). Each case, however, "must be judged on its facts." *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 266 (S.D.N.Y. 2012). Plaintiffs attempted service on Glock Ges.m.b.H. through Glock, Inc.'s registered agent and thus made some effort to obtain service before requesting court intervention.

Although the Hague Convention provides "simple and certain means by which to serve process on a foreign national[,]" *Volkswagenwerk Aktiengesellschaft*, 486 U.S. at 706, courts in the Second Circuit nonetheless "have found that lengthy delays in service under the Hague Convention are sufficient to show that alternative service under Rule 4(f)(3) is warranted." *Equipav S.A. Pavimentação, Engenharia e Comercia Ltda.*, 2022 WL 2758417, at *5 (citations omitted).

In this case, Plaintiffs have not submitted any evidence regarding the time or expense necessary to complete service pursuant to the Hague Convention in Austria, nor any indication that they tried to accomplish service through that method. *See Sec. & Exch. Comm'n v. Cluff*, 2018 WL 896027, at *4 (S.D.N.Y. Jan. 10, 2018) (declining to grant motion for alternative service where plaintiff did not "identify[] the number of months or provid[e] any evidence in support of the assertion[]" that service under Hague Convention in Israel would cause unreasonable delay); *Baliga ex rel. Link Motion Inc. v. Link Motion Inc.*, 385 F. Supp. 3d 212, 220 (S.D.N.Y. 2019) (denying without prejudice motion for alternative service because plaintiff failed to show "difficulty and delay of service of process"). In the absence of this information, Plaintiffs have failed to demonstrate that alternative service is appropriate in this case.

### CONCLUSION

For the reasons stated above, Plaintiffs' motion for alternate service is DENIED WITHOUT PREJUDICE. (Doc. 25.) Plaintiffs' motion for an extension of time to file a

stipulated discovery schedule is GRANTED. (Doc. 24.) **Plaintiffs and Glock, Inc., shall file a stipulated discovery schedule within fourteen (14) days of this Order.**
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 18th day of June, 2024.

Christina Reiss, District Judge
United States District Court