EXHIBIT 2

**Jeffrey M. Malsch**

| | |
|---|---|
| **From:** | Jeffrey M. Malsch |
| **Sent:** | Thursday, January 15, 2026 4:59 PM |
| **To:** | Jed Miller |
| **Cc:** | Christopher Renzulli; Matthew B. Byrne; Laura White; Carina Bentata; Lise Rahdert |
| **Subject:** | RE: [EXTERNAL] Re: Bunce v. Glock \|\| Proposed ESI search terms & 30b6 notice to Glock Inc. |

Jed,

We reverted back to using the original German search string for the Glock Ges.m.b.H. custodians' accounts:

(Kind* OR jährig* OR Jung* OR Mädchen* OR Kleine* OR Minderjährige* OR Kleinkind*) NEAR (schoss* OR Unfall* OR versehentlich* OR Tod* OR Verletz* OR Sicher*)

Trying to exclude "Kind regards" was not working, but we should be able to make the production using this search string by the Feb. 13 target date.

Yours,

---

**From:** Jed Miller <jedmiller@everytown.org>
**Sent:** Thursday, January 15, 2026 4:36 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>; Lise Rahdert <lrahdert@everytown.org>
**Subject:** Re: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff,

I am following up on my email from last week. Since your deadline for producing is coming up on February 13, any decisions about modifying the search string need to be made as soon as possible. If you do not send us a hit report with the volume of emails involved with the "kind regards" issue that you describe, we will assume that you are running both the English and German search strings for Ges as we sent them to you on October 31.

-Jed

On Fri, Jan 9, 2026 at 4:29 PM Jed Miller <jedmiller@everytown.org> wrote:

> Jeff,
>
> Thanks for confirming the meaning of the NEAR connector; we're fine with it as described.
>
> On the second issue, in prior correspondence you indicated that you were running the German search term string with a 'within 10' connector. Assuming that is the case, the search terms should only pick up emails containing "kind" where that phrase is within ten words of the other German terms in the string (in other words, not all English emails unless they also contain one of the other German search terms ((*schoss* OR Unfall* OR versehentlich* OR Tod* OR Verletz* OR Sicher*) within ten of "kind*").

Further, and perhaps more importantly, the Court specifically ordered the search string that we sent you on October 31. Before we can agree to you modifying it, we need a hit report reflecting the volume of hits for each search term in the string, including unique hits. This is standard information to share in ESI discovery, and we require it to assess an appropriate solution to any genuine issue of overly burdensome search results. Please send that information by EOD on Monday.

-Jed

On Fri, Jan 9, 2026 at 3:17 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

Jed,

My understanding is that the NEAR operator finds terms within a specified proximity and the default is 10 words, which is how it was left for these searches.

I will get back to you on Item No. 2 shortly, but my understanding is that the “kind regards” issue was picking up all English emails, since most were signed off with that complimentary close.

Yours,

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

**From:** Jed Miller <jedmiller@everytown.org>
**Sent:** Friday, January 09, 2026 9:20 AM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>; Lise Rahdert <lrahdert@everytown.org>
**Subject:** Re: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff,

Thanks for this update. On Item 1, please let us know the meaning of the NEAR connector. The Court ordered that the search string be run using a "within 10" connector. We are fine with you using NEAR if it is synonymous with (or less restrictive than) "within 10," but if it means something different, please run the search string as originally ordered by the Court.

On Item 2: We reiterate our request for the volume of unique hits brought in by the "kind regards" issue so we can assess what, if any, refinement of the search string is appropriate. As we have said, we are willing to work with you if there is a genuine issue with the volume of plainly irrelevant hits, but without knowing the number of unique hits responsive to that search term we cannot assess an appropriate solution. Please send that information, which we have been requesting since November, by EOD Monday.

-Jed

On Thu, Jan 8, 2026 at 12:09 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

Jed,

Sorry for the delay in the response.

1. Using the AND NOT terms for the Glock, Inc. search only reduced the hits by around 100. So we are going to use the original query of (child* OR kid* OR juvenile* OR minor* OR toddler* OR boy* OR girl* OR youth*) NEAR (shot* OR accident* OR dea* OR injur* OR kill* OR safe*) – for review and production.
2. There were technical issues with changing the connectors for the Glock Ges.m.b.H. search, but we are still working on a work-around regarding the “kind regards” issue.

I believe we are still on track for a production by February 13.

The updated Verifications fell off my radar. I will try to get that issue resolved within the week.

Yours,

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jed Miller <jedmiller@everytown.org>
**Sent:** Tuesday, January 06, 2026 3:24 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>; Lise Rahdert <lrahdert@everytown.org>
**Subject:** Re: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff --

Happy New Year. I'm following up on the below three items, which still remain unaddressed from our December 12 meeting:

1. the number of hits being picked up by the proposed AND NOT terms “Childsafe,” “boyfriend,” “girlfriend,” and “killer;"
2. GES testing out using articles before Kind (for example, “das Kind,” “ein Kind,” “die Kinder”), or shortening the connector between Kind and the remaining search string (trying /5 instead of /10 for just that search term and no others); and
3. Revised sworn statements that are dated, and for Mr. Kroyer's statement, revision to remove the “upon information and belief” language and to clarify the foundation.

Please provide this information as soon as possible. Thanks,

-Jed

On Fri, Dec 19, 2025 at 4:59 PM Jed Miller <jedmiller@everytown.org> wrote:

Jeff --

I'm following up on the outstanding items from our discussion a week ago. Please let us know when you'll be able to address these items:

1. the number of hits being picked up by the proposed AND NOT terms “Childsafe,” “boyfriend,” “girlfriend,” and “killer;"
2. GES testing out using articles before Kind (for example, “das Kind,” “ein Kind,” “die Kinder”), or shortening the connector between Kind and the remaining search string (trying /5 instead of /10 for just that search term and no others); and
3. Revised sworn statements that are dated, and for Mr. Kroyer's statement, revision to remove the “upon information and belief” language and to clarify the foundation.

Thanks,

-Jed

On Wed, Dec 17, 2025 at 9:15 AM Jed Miller <jedmiller@everytown.org> wrote:

Thanks for clarifying. With that understanding, we're comfortable leaving the term in that final paragraph. We'll add your signature block and get this on file this morning.

-Jed

On Tue, Dec 16, 2025 at 4:55 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

We anticipate making the full production pursuant to the court's prior order by Feb. 13. By inserting the term initial, I left open the possibility of further productions based on privilege issues or additional reviews or searches.

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

*...Where Clients Come First*

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jed Miller <jedmiller@everytown.org>
**Sent:** Tuesday, December 16, 2025 4:20 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>; Lise Rahdert <lrahdert@everytown.org>
**Subject:** Re: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff --

We are largely fine with your proposed revisions but wanted to clarify what you mean by inserting "initial" in this sentence in the final paragraph: "Thus, the parties respectfully request that the Court adjourn the current deadlines and order (1) Defendants to complete their **initial** ESI production by February 13, 2026; and (2) the parties to submit a joint status report on February 20, 2026, with a proposed amended scheduling order."

It seems potentially inconsistent with the unqualified statements earlier about Defendants expecting to complete their ESI production by Feb. 13. We'd like to make sure that you're proposing to complete the production that the Court ordered at the October 24 conference by February 13 (that is what we understood you to be saying on Friday), and that you're not proposing, *e.g.*, a rolling production starting Feb. 13. To make that clear to the Court, we would prefer to delete "initial" in that sentence in the final paragraph.

Please let us know if that is acceptable to you, and if so we will add your signature block (since this is a joint motion) and file. Thanks,

-Jed

On Tue, Dec 16, 2025 at 12:46 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

Here you go. Let me know if there are any issues. Otherwise, you have our consent to file this version.

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intended or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, we

will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jeffrey M. Malsch
**Sent:** Tuesday, December 16, 2025 12:15 PM
**To:** Jed Miller <jedmiller@everytown.org>
**Cc:** Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>; Lise Rahdert <lrahdert@everytown.org>
**Subject:** RE: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jed,

I will have it back to you shortly. I don't foresee any issue with you being able to file it today.

---

**From:** Jed Miller <jedmiller@everytown.org>
**Sent:** Monday, December 15, 2025 4:41 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>; Lise Rahdert <lrahdert@everytown.org>
**Subject:** Re: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Good afternoon Jeff --

I'm following up on item #1, the redline of the motion on the discovery schedule. We'd like to get this motion on file with the court tomorrow if at all possible, so please send your proposed edits as soon as you can. Thanks,

-Jed

On Fri, Dec 12, 2025 at 3:34 PM Jed Miller <jedmiller@everytown.org> wrote:

Jeff,

I am writing to memorialize today's discussion. We agreed to the following:

1. You will send us a redline of the motion on Monday that says Defendants will produce their ESI by February 13 with some additional explanation for needing the additional time.
2. You will let us know next week how many hits are being picked up by "Childsafe," "boyfriend," "girlfriend," and "killer." To do this, you will look at the difference in the number of hits when running the search string with and without an AND NOT for each term.
3. We agreed that Plaintiffs are ok with using an AND NOT connector for "shoot like a girl" "insur*" and "healthcare."
4. For Ges, to address the "Kind regards" issue, you will test out using articles before Kind (for example, "das Kind," "ein Kind," "die Kinder"), or shortening the connector between Kind and the remaining search string (trying /5 instead of /10 for just that search term and no others).
5. You will send us revised sworn statements that are dated. Kroyer's statement will also be revised to remove the "upon information and belief" language, and to specify the foundation of his statement.

Kind regards,

Jed

On Thu, Dec 11, 2025 at 1:44 PM Jed Miller <jedmiller@everytown.org> wrote:

Jeff,

Below is a zoom link for tomorrow's call. On our side, we have a few items on the agenda. First, the discovery schedule: given the Court's comments at the October conference, we were thinking that it makes sense to try to defer picking specific dates for an amended scheduling order until after Defendants complete their ESI production. To that end, we have drafted a short motion that we hope can be joint or at least unopposed. **Please let us know what you think and we can discuss more tomorrow.**

Second, we **do** need more information from you to determine if those AND NOT connectors are appropriate limiters. For example, we are concerned that excluding "Childsafe" will eliminate relevant results based on our understanding of what that program is. Relatedly, we do not understand what false-positives the terms "killer," "boyfriend," or "girlfriend" are aimed at excluding, or whether the false-positive volume justifies exclusion in this way since it is easy to imagine those terms appearing on responsive documents (e.g., "Guns are the #1 killer of children in America."). When we proposed the AND NOT connector, we had in mind obvious

false positives like the names of any relevant health insurance providers (for example, AND NOT "United Healthcare" or "Blue Cross" or the entity is relevant). Your proposals risk excluding responsive material. Further, and more fundamentally, we have been asking for the volume of hits that these search terms are returning for weeks now and you have not provided that critical information. We cannot agree to any particular AND NOT connectors without that information, especially when the Court explicitly ordered Defendants to run the search string discussed at the October 24 conference. We need that volume information for both the English and German search terms. If the volume of hits is truly unduly burdensome, and we can identify a particular search term that is at issue, we are willing to work with you on reasonable limitations that are highly unlikely to exclude responsive material, but we cannot do that until you let us know the specific volume.

We also wanted to follow up with you about revised statements concerning Defendants' search process. We look forward to discussing on Friday at 1:30pm,

-Jed

Join Zoom Meeting
https://everytown.zoom.us/j/87959732950?pwd=TafzgndOlZVCewlCTofqeEvxaLubw8.1Meeting ID: 879 5973 2950
Passcode: 675772---One tap mobile
+13092053325,,87959732950# US
+13126266799,,87959732950# US (Chicago)

On Wed, Dec 10, 2025 at 5:05 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

Friday at 1:30 works.

We are planning to use the following terms with the “AND NOT” connector for Glock, Inc. - (Childsafe OR boyfriend OR girlfriend OR killer OR “Shoot Like A Girl” OR insur* OR healthcare).

We are still working on all of the terms for Glock Ges.m.b.H., and still figuring out how to exclude non-responsive hits due to the “Kind regards” phrase.

Thanks,

...Where Clients Come First

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intende or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, w will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jed Miller <jedmiller@everytown.org>
**Sent:** Wednesday, December 10, 2025 12:10 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>; Lise Rahdert <lrahdert@everytown.org>
**Subject:** Re: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff - let's do 1:30 pm on Friday if that time works for you.

I'm glad to hear that the 'AND NOT' connector will work. Could you let us know the set of terms you're planning to use with it?

-Jed

On Tue, Dec 9, 2025 at 2:57 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

Jed,

I received a message you called. I am on the road most of this week. Let's plan to talk on Friday about the amended scheduling order. I am free most of the day.

In the meantime, it looks like the "AND NOT" connector is working and we should have more information about those results by Friday.

Yours,

Get [Outlook for iOS]

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not intend or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Interna Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties, v will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

---

**From:** Jed Miller <jedmiller@everytown.org>
**Sent:** Thursday, December 4, 2025 12:45 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>; Lise Rahdert <lrahdert@everytown.org>

**Subject:** Re: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff --

I'm writing to follow up about the current open items on Glock's ESI searches. Will your clients be able to use an AND NOT connector to reduce the number of obvious false positives (like employee health insurance policies) in the review population? If so, please let us know the specific search terms that you propose including with an AND NOT connector.

Relatedly, please let us know the hit counts for each search term so we can put some further thought into the "kind regards" issue that you raised. As we said, we are willing to work with you on refining the search terms to address this issue and reduce the nonresponsive material that you need to review, but we need to know the volume of hits to make an informed proposal.

Lastly, are you free for a short call Friday or Monday to discuss the broader issue of the discovery schedule? Please let me know some times that work for you and I'll give you a call. Thanks,

-Jed

On Mon, Dec 1, 2025 at 11:17 AM Lise Rahdert <lrahdert@everytown.org> wrote:

Jeff,

Thanks for your email and I hope you had a nice Thanksgiving. Please send us a hit report for the search string, with unique hits for each term. On the report, there should be a line indicating unique hits for child /10 shot*, child /10 accident*, down the list, and then again for each of the terms before the connector for both English and German terms for each entity. Our experience is that any document review vendor or platform can prepare a hit report like this easily and quickly.

We need a better understanding of concrete numbers to help us assess the best path forward.

Lise

On Wed, Nov 26, 2025 at 3:28 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

Lise,

Yes, we are running the searches with the connector, and we are not picking up all the emails with the phrase "kind regards," but it is still substantial.

We will try to get you an update early next week.

Happy Thanksgiving!

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or th employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disseminatio distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not inte or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Inter Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalties will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

**From:** Lise Rahdert <lrahdert@everytown.org>
**Sent:** Tuesday, November 25, 2025 4:36 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Jed Miller <jedmiller@everytown.org>; Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>
**Subject:** Re: [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff,

Thanks for the update, and we look forward to hearing from you about the use of AND NOT terms. Please also let us know the specific volume that your search returned so we can better evaluate what other steps may be involved in refining the search.

As for the "kind regards" issue, we will think about possible solutions. As a threshold matter, we wanted to confirm that you are running the /10 connector part of the search term. Because the search string is designed to pick up "kind*" within 10 words of other specific terms, the search term "kind*" should not be returning every single email with "kind regards" in the signature. While you are confirming that, we will think about other ideas to address this issue.

Lise

On Tue, Nov 25, 2025 at 2:39 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

Lise,

The full search term string with the connectors was run to collect materials from all of the identified custodians' email accounts. The "random sampling" was a reference to counsel's review of randomly selected results of the collection. The overbreadth of the results based on these search terms appears to be consistent across all custodians.

We are not dealing with 500,000 false positives, but enough to make the review burdensome and not proportional to the needs of the case based on the issues. We are looking into our clients' ability to use potential AND NOT connectors to eliminate the collection of obvious non-responsive hits and will get back to you shortly.

We do have one significant issue with the Glock Ges.m.b.H. search results. As you know, the German word for "child" is "kind," and many emails are signed "kind regards" in English. These are being picked up by the searches, and based on our random sampling, are 100% non-responsive or protected by the attorney-client privilege (e.g., our correspondence concerning this case). Do you have any suggestions on how to resolve this issue?

Yours,

***...Where Clients Come First***

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or t employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any disseminati distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not inte or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Inte Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penaltie will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

**From:** Lise Rahdert <lrahdert@everytown.org>
**Sent:** Monday, November 17, 2025 4:48 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Jed Miller <jedmiller@everytown.org>; Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>
**Subject:** [EXTERNAL] Re: Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff,

Thank you for your email. We are willing to work with you to create a proportional and reasonable search, but we need some additional information in order to assess the appropriate path forward. We have outlined some of our questions and potential solutions below; we need a response on these issues before we can consider narrowing the search string that the Court specifically allowed.

1. You mention that you conducted a “random sampling” of Glock, Inc. materials that hit our search terms. Could you please provide some more detail about what that means? Specifically, it is important to know whether you ran the full search string in a document review platform over emails collected from all five Glock, Inc. custodians. It

seems unlikely to us that the issues that you describe in your email impact all of the custodians. It may be the case that we can agree to certain limitations for specific custodians, but we need to know whose emails you searched, and how you conducted the search.

2. Related to Item #1, please confirm that you ran the search string as it is currently composed and not just individual terms without the /10 connector.

3. For each of the searches you ran, please also provide us with a more specific volume of nonresponsive material that was captured when you tested the searches. A certain number of false positives is of course expected, but 5,000 false positives is very different from 500,000. A better understanding of the number of false positives will help us determine how to work with you to accomplish this ESI search.

4. We agree of course that voluminous material related to employee group health insurance policies or charitable organizations is not relevant to our case. Instead of narrowing the search terms that we provided, we could exclude that material by adding an AND NOT connector with a search term specific to that material. For example, if the provider is Blue Cross, we could include AND NOT "Blue Cross" to exclude documents related to employee health insurance policies. We could also do the same with something like AND NOT "Childsafe" if that is a term that is specific to nonresponsive documents. If you provide us with some more detail about some of the other false positives then we can suggest similar terms to exclude with an AND NOT connector in an effort to remove those from the review population.

Please provide us with this information as soon as possible. If you would find it helpful to have a call, please send us some times when you are available.

Lise

On Fri, Nov 14, 2025 at 3:45 PM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

> Lise,
>
> We conducted initial random sampling of Glock, Inc. materials hit by your English search terms. The terms implicate a large volume of patently irrelevant materials that would be unduly burdensome to collect and review. For example, the terms implicate voluminous materials related to employee group health insurance policy documents, charitable organizations that support the children of military and law enforcement personnel, military and law enforcement procurement solicitations, etc. We propose narrowing the search terms to the following, which we anticipate

will reduce the volume of irrelevant results, while still capturing any OSI related information that the Court required:

child* OR kid* OR juvenile* OR minor* OR toddler* OR boy* OR girl* OR youth*) /10 (shot* OR accident* OR dea* OR injur* OR kill* OR safe*)

to

child OR ~~kid*~~ OR juvenile* OR ~~minor*~~minors OR toddler* OR boy* OR girl* OR youth*) /10 (shot* OR accident* OR dea* OR injur* OR kill* ~~OR safe*~~)

Changing "Child*" to "Child" will eliminate results that include the word "children" and "Childsafe" which is producing a large quantity of materials not relevant to prior incidents and would not affect potentially responsive ones.

Eliminating "kid*" will reduce the quantity of unresponsive documents (most that seem to deal with employees' own "kid" or "kids" safety, health insurance, being "injured" or having an "accident" wholly unrelated to firearms or shooting activities (i.e., in a car, at the playground,..., etc.

Eliminating "safe*" will also reduce the quantity of unresponsive documents because the term hits on materials concerning safety training, "department of public safety," safety on premises, safe driving, safety-related requirements in government contracts, etc. without affecting potentially responsive ones.

Let us know if you are agreeable and we will sample materials using the above revised terms.

We are also working to get you the certifications from the clients regarding the prior productions of marketing materials and studies. We should be able to get them to you next week.

Yours,

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

***...Where Clients Come First***

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privileged confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemina distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance with Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not in or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the In Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any penalt will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under the circumstances, as well as the anticipated time and additional fees involved.

**From:** Lise Rahdert <lrahdert@everytown.org>
**Sent:** Friday, November 14, 2025 3:18 PM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Jed Miller <jedmiller@everytown.org>; Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>
**Subject:** Re: [EXTERNAL] Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff,

Please let us know if you have any updates on the written statement or the timing of a supplemental ESI production.

Thanks,

Lise

On Mon, Nov 10, 2025 at 11:38 AM Jeffrey M. Malsch <jmalsch@renzullilaw.com> wrote:

Lise,

We received the revised ESI parameters and anticipate getting you the signed statements this week.

We should also be able to provide an update as to a supplemental production by the end of this week.

Yours,

*...Where Clients Come First*

**JEFFREY M. MALSCH, ESQ.**
**OF COUNSEL**

Renzulli Law Firm, LLP
One North Broadway, Suite 1005
White Plains, NY 10601
P: 914-285-0700
F: 914-285-1213
jmalsch@renzullilaw.com
www.renzullilaw.com

This email is intended solely for the use of the individual to whom it is addressed and may contain information that is privilegec
confidential or otherwise exempt from disclosure under applicable law. If the reader of this email is not the intended recipient c
employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemin
distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, please
immediately notify us by telephone and return the original message to us at the listed email address. To insure compliance wi
Treasury Regulations (31 CFR Part 10, §10.35), we inform you that any tax advice contained in this correspondence was not i
or written by us to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the I
Revenue Code. If you desire a formal opinion on a particular tax matter for the purpose of avoiding the imposition of any pena
will discuss the further Treasury requirements that must be met and whether it is possible to meet those requirements under t
circumstances, as well as the anticipated time and additional fees involved.

**From:** Lise Rahdert <lrahdert@everytown.org>
**Sent:** Monday, November 10, 2025 11:11 AM
**To:** Jeffrey M. Malsch <jmalsch@renzullilaw.com>
**Cc:** Jed Miller <jedmiller@everytown.org>; Christopher Renzulli <crenzulli@renzullilaw.com>; Matthew B. Byrne <mbyrne@gravelshea.com>; Laura White <lwhite@whiteandquinlan.com>; Carina Bentata <cbentata@everytown.org>
**Subject:** Re: [EXTERNAL] Bunce v. Glock || Proposed ESI search terms & 30b6 notice to Glock Inc.

Jeff,

I am following up on our email of October 31. Please confirm receipt of the ESI parameters and let us know when you anticipate producing documents so we can schedule depositions. Please also send us the sworn statement concerning Defendants' document searches by the end of the week.

Lise

On Fri, Oct 31, 2025 at 12:43 PM Lise Rahdert <lrahdert@everytown.org> wrote:

> Jeff,
>
> Pursuant to the Court's order at last week's conference, here is a revised ESI plan. It includes 5 custodians for each entity and 6 search terms (with root expanders) after the w/10 connector as the Court permitted. It also includes our German translations, and we expect that, for Glock Ges, you will run both English and German search terms.
>
> Please let us know when you anticipate getting us both Defendants' sworn statements concerning their document search and production. As the Court noted at the conference, this could be done in a matter of days, and it has already been a week.
>
> Lise