**UNITED STATES DISTRICT COURT**
**DISTRICT OF VERMONT**

**GREGORY BUNCE,** Individually and as Personal Representative of the Estate of Peter Bunce, and

**EVELYN BUNCE,** Individually,

Plaintiffs,

v.

**GLOCK, INC.** and **GLOCK GES.M.B.H.,**

Defendants

**Case No. 2:23-cv-133-cr**

**PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO FURTHER AMEND STIPULATED DISCOVERY SCHEDULE**

Plaintiffs Gregory and Evelyn Bunce, by and through undersigned counsel, hereby submit the following Reply Memorandum in support of their Motion to Further Amend Stipulated Discovery Schedule. *See* ECF No. 108.

1. As outlined in the Response in Opposition submitted by Defendants (hereinafter collectively referred to as "Glock") on October 16, 2026 (ECF No. 109), the deposition of Mr. Jannuzzo has now been completed. Contrary to Glock's representations, Mr. Jannuzzo's deposition identified numerous witnesses with discoverable information relevant to Plaintiffs' claims and Glock's defenses, none of whom had been identified in 30(b)(6) depositions, initial disclosures, or discovery responses. Plaintiffs need additional time in the fact discovery phase of this litigation

to contact and interview these witnesses, most of whom are no longer employed by Glock. Plaintiffs propose to complete these interviews and serve supplemental disclosures by November 9, 2026. Plaintiffs do not anticipate needing any additional depositions as a result of these final discovery efforts but would like one additional week to make that determination and report back to the Court.

2. Glock furthermore contends that it never retained a single report or study in which a law enforcement agency decided not to switch to Glock. Nor has Glock retained in its possession a single study in which a law enforcement agency concluded that the lack of a manual safety on any of its firearms was dangerous or ill advised. Plaintiffs seek a declaration or supplemental interrogatory response to this effect. Plaintiffs propose to meet and confer with Glock prior to November 9, 2026, and then report back to the Court whether agreement has been reached, or if Plaintiffs seek Court intervention on this issue.

3. In addition, Plaintiffs are in the process of submitting multiple Freedom of Information Act ("FOIA") requests to U.S. law enforcement agencies that are believed to have conducted studies or issued reports that were critical of Glock. Plaintiffs believe that Glock has consciously disregarded the information contained in these reports, and spoliated evidence of their very existence. As a result, Plaintiffs intend to avail themselves of every opportunity to access this publicly available information and then supplement their document production accordingly. Plaintiffs need an additional 60 days to receive documents pursuant to these FOIA requests.

Additional fact depositions should not be necessary, but the documents will be need to be reviewed by Plaintiffs' experts.

4. Similar to the issue of Glock spoliating any evidence that is critical of its design, Plaintiffs have significant concerns that Glock produced almost no emails between its own employees containing any of the ESI search terms agreed to in this case. Plaintiffs will attempt to meet and confer with Glock and offer to draft targeted interrogatories that address these concerns to be answered under oath by Glock. Plaintiffs propose to meet and confer on this subject as well prior to November 9, 2026, and then report back to the Court whether agreement has been reached, or if Plaintiffs seek Court intervention on this issue.

5. Finally, the fourth discovery dispute Plaintiffs raised with Glock on October 15, 2026 related to Glock's MHS Army submission of a pistol with a manual safety. Mr. Jannuzzo testified about the Glock 19X, which was the tan-colored pistol that Glock manufactured for the Army, and then sold to civilians after removing the manual safety that had already been included in the design of the pistol.

6. Additionally, recent deposition testimony revealed for the first time that Glock did indeed manufacture another pistol with a manual safety, allegedly called the Glock 17S. Plaintiffs seek to compel discovery about both the 19X and the 17S.

7. Plaintiffs also request leave to brief a motion for reconsideration and/or motion to compel regarding the conclusion the Court reached on May 29, 2025 about the proportionality of Glock's MHS Army submission to the issues identified in this case.

8. Plaintiffs seek leave to file a motion for reconsideration and/or to compel discovery about the military submission, the sale of the Glock 19X to U.S. consumers, and the design, manufacture and sale of the Glock 17S. Plaintiffs can file this motion by November 9, 2026. The parties appear to be at a total impasse on this issue, but Plaintiffs will attempt one more time to meet and confer with Glock about whether any aspect of the dispute can be narrowed before filing a motion to compel.

9. In the motion contemplated above, Plaintiffs will outline for the Court the reasons why Glock's marketing of its pistols without a manual safety to law enforcement agencies heavily influenced the consumer market, and consumer expectations regarding the lack of a manual safety on a handgun used by civilians for home defense.

10. In light of the foregoing, Plaintiffs ask that the Court stay fact discovery until it decides the motion to be filed on November 9, 2026.

Respectfully submitted,

Dated: October 30, 2026

*/s/ Laura H. White*

Laura H. White, Esq. (Bar No. 4025)
*Attorney for Plaintiffs*
WHITE & QUINLAN, LLC
62 Portland Road, Suite 21
Kennebunk, Maine 04043
(207) 502-7484
*lwhite@whiteandquinlan.com*

**CERTIFICATE OF SERVICE**

I, Laura H. White, hereby certify that on this 30th day of October, 2026, I filed the foregoing Plaintiffs' Reply Memorandum in Support of Motion to Further Amend Stipulated Discovery Schedule with the Court's CM/ECF system, which automatically sends notification to all counsel of record.

Dated: October 30, 2026

*/s/ Laura H. White*

_______________________________

Laura H. White, Esq. (Bar No. 4025)
*Attorney for Plaintiffs*
WHITE & QUINLAN, LLC
62 Portland Road, Suite 21
Kennebunk, Maine 04043
(207) 502-7484
*lwhite@whiteandquinlan.com*